**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

JAMES LAWRENCE MORRIS,                    *

    Petitioner                                    *

        v                                    *                    Civil Action No. DKC-14-1888

KATHLEEN GREEN, et al.,                    *

    Respondent                                    *

**MEMORANDUM OPINION**

James Lawrence Morris, a state inmate, filed this self-represented Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the computation of his sentence and diminution of confinement credits.  ECF No. 1.  Respondents move to dismiss the Petition on the basis that Morris has failed to exhaust his claims in state court or through the administrative process.  ECF No. 5.  Morris has not responded.

**Background**

Morris indicates that has "not [been] awarded the correct [amount] of good conduct credits (AKA double celling)..."  He states that he was sentenced as "third time" offender and that he meets all the requirements under Maryland law to receive ten days per month diminution of confinement credits.  ECF No. 1.

**Analysis**

Sentence and diminution credit calculation disputes generally are issues of state law and do not give rise to a federal question.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  Violation of a state law which does not infringe upon a specific constitutional right is cognizable in federal habeas corpus proceedings only if it amounts to a "fundamental defect which

inherently results in a complete miscarriage of justice." *Hailey v. Dorsey*, 580 F.2d 112, 115 (4th Cir. 1978) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). A dispute over diminution credits generally does not rise to this level. *See Willeford v. Estelle*, 538 F.2d 1194, 1197 (5th Cir. 1976). If a "claim . . . rests solely upon an interpretation of [state] case law and statutes, it is simply not cognizable on federal habeas review." *Wright v. Angelone*, 151 F. 3d 151, 157 (4th Cir. 1998); *see also Smith v. Moore*, 137 F.3d 808, 822 (4th Cir. 1998) (refusing to entertain claim that jury instruction misstated South Carolina law).

Assuming Morris has presented a federal question here, his Petition is subject to the exhaustion requirement of 28 U.S.C. § 2254(b), which applies to petitions filed pursuant to 28 U.S.C. § 2241. *See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F. 3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to § 2241 petition challenging civil commitment). Thus, before seeking federal habeas corpus relief, Morris must exhaust each claim presented by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U. S. 509, 521 (1982). Each claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted).

Exhaustion includes appellate review in the Maryland Court of Special Appeals and where appropriate, the Maryland Court of Appeals. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). The state courts must be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973).

Morris may challenge the calculation of his term of confinement by pursuing both administrative and judicial remedies.  He may file a grievance with the Inmate Grievance Office ("IGO"). *See generally* Md. Code Ann., Corr. Servs. ("CS") § 10-206(a).  If the grievance is not found wholly lacking in merit on its face, it is referred to the Office of Administrative Hearings ("OAH") for a hearing before an administrative law judge. *Id*. at § 10-207(c).  An order of the OAH finding that an inmate's complaint is lacking in merit constitutes the final decision of the Secretary of Public Safety and Correctional Services ("Secretary") for purposes of judicial review.  *Id* at § 10-209(b).  If the OAH finds that the grievance is meritorious, an order is forwarded to the Secretary.  The Secretary may affirm, reverse, or modify the order of the OAH. *Id.* at § 10-209(c).

An appeal of the Secretary's decision lies with the "circuit court of the county in which the complainant is confined."  *Id*. at § 10-210(b)(2).  Morris may thereafter seek review in the Maryland Court of Special Appeals by application for leave to appeal, *Id*. at § 10-210(c)(2), and, if the Maryland Court of Special Appeals grants the application for leave to appeal but denies relief on the merits, he may then seek review in the Maryland Court of Appeals by petition for writ of *certiorari*. *See Williams v. State*, 438 A.2d 1301 (1981); Md. Code Ann., Cts. & Jud. Proc. § 12-202.

Furthermore, a prisoner who "alleges entitlement to immediate release and makes a colorable claim that he or she has served the entire sentence less any mandatory [diminution] credits" may seek relief directly from Maryland courts by petition for a writ of habeas corpus. *See Maryland House of Correction v. Fields*, 703 A.2d 167, 175 (1997).  The inmate may appeal a circuit court's decision denying habeas corpus relief to the Maryland Court of Special Appeals, and may thereafter seek *certiorari* in the Maryland Court of Appeals.  *See generally Stouffer v.*

*Pearson*, 887 A.2d 623 (2005); *Stouffer v. Staton*, 833 A.2d 33 (2003); *Jones v. Filbert*, 843 A.2d 908 (2004).

Morris states in his Petition that he filed a grievance with the IGO and exhausted his administrative remedies. Records indicate that on March 7, 2013, the Executive Director of the IGO denied and dismissed the grievance finding Morris was not entitled to 10 good conduct credits per month. ECF No. 5, Ex. 2. Morris filed a petition for judicial review in the Circuit Court for Somerset County, appealing the decision of the IGO. *Id.*, Ex. 3. On July 16, 2013, the Circuit Court for Somerset County affirmed the decision of the IGO. *Id.* Petitioner filed a notice of appeal to the Maryland Court of Special Appeals on May 9, 2014. The matter remains pending before that court. *Id.* Additionally, Morris has not filed a habeas corpus petition in state court since his incarceration in 2007. *Id.*, Ex. 4.

If Morris prevails in any of the above proceedings, the need for this court's involvement is obviated. This court may not, however, entertain the issues presented in the Petition while the Maryland courts have not had the opportunity to fully review the claims raised.

Morris has no absolute entitlement to appeal a district court's denial of his habeas corpus request. *See* 28 U.S.C. § 2253(c) (1). A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at §2253(c) (2). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless Petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001)

(*quoting Slack v. Daniel*, 529 U.S. 473, 484 (2000)).    Morris has failed to demonstrate

entitlement to a COA in the instant case.

Based upon the foregoing reasoning the habeas corpus relief requested shall be denied

without prejudice and dismissed as unexhausted.    A certificate of appealability shall not issue

and the Clerk shall be directed to close this case.


  October 29, 2014                         /s/_____

Date                                 DEBORAH K. CHASANOW

                                   United States District Judge